This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                              **No. 30,449**

**JUAN PEREZ,**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals his conviction for larceny ($250 or less).  We issued a second calendar notice proposing to affirm.  Defendant has now filed a memorandum in opposition to our second calendar notice.  We affirm.

**Issue 1:**  Defendant continues to claim that the district court erred in permitting the State to amend the indictment to conform to the evidence, with the alleged date of the incident changing from "on or about June 19, 2009," to "on or between the 5th of June, and the 19th of June, 2009. [Defendant's Second MIO 3]  As we explained in our second calendar notice, we are unpersuaded by these arguments.  *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**Issue 2:**  Defendant continues to claim that the district court erred in excluding the testimony of his sister, claiming that she would have testified that it was a family practice to permit Defendant to pawn items and that the victim, Defendant's nephew, had allowed Defendant to do this in the past.  [Second MIO 3-4; DS 4, 5]  "A criminal defendant has a fundamental right under the Due Process Clause of the United States Constitution to present his own witnesses to establish a defense."  *State v. Rosales*, 2004-NMSC-022, ¶ 7, 136 N.M. 25, 94 P.3d 768 (internal quotation marks and citation omitted).

In its memorandum in opposition to our first calendar notice, the State pointed out that the excluded testimony concerned the practice of pawning the items for collateral and then returning them to family members. [State's MIO 2-3] Defendant's memorandum likewise indicates that the testimony concerned the practice of pawning and then returning the items. [Defendant's Second MIO 2-3] The State has indicated that it presented evidence that Defendant sold the tools at a flea market. [State's MIO 3] Miguel Perez testified that tools were missing from a storage building on his property. [Defendant's Second MIO 1] Miguel also testified that in the past Defendant would pawn and return items to him. [Defendant's Second MIO 2] Miguel's sister testified that she had allowed Defendant to take things and that she would get them back. [Defendant's Second MIO 3] To support the elements of larceny, the jury had to determine that Defendant "intended to permanently deprive the owner" of the items. [See RP 83] If the jury did not believe this and believed that Defendant had Miguel's permission based on Miguel's testimony, then they would acquit. We conclude that the district court did not abuse its discretion in excluding the proffered cumulative testimony.

**Issues 3:** Defendant relies on previous arguments to challenge the sufficiency of the evidence to support his conviction for larceny. [Defendant's Second MIO 6]

For the reasons stated in our second calendar notice, we are not persuaded by these arguments.

For the reasons stated in this opinion and in our second calendar notice, we affirm.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**